UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANNISSA COLSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-377-RLJ-CCS |
| | ) | |
| CITY OF ALCOA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion for Protective Order [Doc. 57] and Defendant Mandy England's Motion to Stay [Doc. 70]. The parties appeared before the Court for a motion hearing on September 12, 2017. Attorney Lance Baker appeared on behalf of the Plaintiff. Attorney Benjamin Lauderback appeared on behalf of Defendant City of Alcoa, Tennessee. Attorney Reid Leitner appeared on behalf of Defendant Jennifer Russell. Attorneys Gary Prince and Nathaniel Strand appeared on behalf of Defendants Mandy England and James Berrong. Accordingly, for the reasons set forth below, the Court **DENIES** the Motion for Protective Order [**Doc. 57**] and **GRANTS IN PART AND DENIES IN PART** the Motion to Stay [**Doc. 70**].

With respect to the Motion for Protective Order, the Defendants assert that Attorney Baker made statements, *see* [Doc. 58 at 3], about this case to the media in violation of Local Rule 83.2. The Plaintiff responds that he made such statements to protect his client from any prejudice, resulting from the release of the arrest video.

Specifically, Local Rule 83.2 states:

> No lawyer or law firm associated with a civil action shall, during its investigation or litigation, make or participate in making an extrajudicial statement, other than a quotation from or reference to public records, which a reasonable person would expect to be disseminated by means of public communication if there is a reasonable likelihood that such dissemination will interfere with a fair trial and if such dissemination relates to:
>
>> (1) evidence regarding the occurrence or transaction involved;
>>
>> (2) the character, credibility, or criminal record of a party, witness, or prospective witness;
>>
>> (3) the performance or results of any examinations or tests or the refusal or failure of a party to submit to such;
>>
>> (4) the attorney's opinion as to the merits of the claims or defenses of a party, except as required by law or administrative rule; and
>>
>> (5) any other matter reasonably likely to interfere with a fair trial of the action.

During the hearing in this matter, Attorney Baker acknowledged that he initiated contact with a reporter but that he had no intention of discussing the allegations in this case with the media in the future. The Court admonished the attorneys that, pursuant to Local Rule 83.2, it was inappropriate to litigate cases through the media. However, the Court finds that a protective order is unnecessary given Attorney Baker's assurances that he does not intend to discuss this case with the media in the future. The Court is optimistic that all the attorneys in this case will abide by the Local Rules of this Court and conduct themselves accordingly. Accordingly, the Defendants' Motion for Protective Order [**Doc. 57**] is **DENIED**.

With respect to the Motion to Stay [Doc. 70], the parties agreed to limit discovery and allow the Plaintiff to depose Defendant England and Defendant Bishop so that the Plaintiff may respond to the Defendant England's Motion for Summary Judgment [Doc. 66]. The parties also

agreed to conduct their Rule 26(f) conference.  In addition, several Defendants stated that they would like to proceed with discovery.  The parties agreed to work together on completing such discovery requests.  The parties stated that if there were any issues with discovery, they would contact the Court for guidance and/or resolution.  Accordingly, based on the parties' agreement, the Motion to Stay [**Doc. 70**] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

ENTER:


	s/ C. Clifford Shirley, Jr.
United States Magistrate Judge