UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ANNISSA COLSON,                  )
                                 )
        Plaintiff,                )
                                 )
v.                               )   No. 3:16-CV-377
                                 )
CITY OF ALCOA, *el al.*,         )
                                 )
        Defendants.               )

## MEMORANDUM OPINION

This civil action is before the Court for consideration of the motion for summary judgment filed by Defendant Jennifer Russell ("Nurse Russell").[1] [Doc. 131]. Plaintiff has responded [Doc. 163], and Nurse Russell has replied [Doc. 170]. Oral argument is unnecessary, and the motion is ripe for the court's determination.

Plaintiff has filed suit pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, alleging, violations of her constitutional rights under the Fourth, Eighth, and Fourteenth Amendments. Plaintiff also raises claims under Tennessee law for assault and battery, negligence, and intentional infliction of emotional distress. For the reasons below, the motion will be **DENIED**.

**I.    BACKGROUND**

---

[1] In the motion for summary judgment, Defendant indicates her name has changed to "Jennifer McBride" as she has gotten married since the beginning of this case. [Doc. 133, p. 1]. While the Court acknowledges her name change, she is still in the case heading as "Jennifer Russell." Thus, to maintain continuity in the proceedings, the Court will refer to her as "Nurse Russell."

In its memorandum opinion addressing the summary judgment motion filed by the City Defendants [Doc. 186], the Court provided an exhaustive account of the video evidence in this matter. The Court will not reiterate that background again but incorporates the section of that memorandum opinion labeled "Body Camera Video," as if contained herein.

Plaintiff initially raised the following claims against Nurse Russell:

- Claim 4 – Excessive Force & Cruel & Unusual Punishment;
- Claim 9 – Failure to Provide Adequate Medical Care;
- Claim 10 – Failure to Protect;
- Claim 12 – Intentional Infliction of Emotional Distress; and
- Claim 13 – Negligence.

[Doc. 1]. In November 2016, Nurse Russell filed a motion to dismiss. [Doc. 27]. In response, Plaintiff abandoned all of her claims against Nurse Russell except for Claim 9 – Failure to Provide Adequate Medical Care. [Doc. 44, p. 2]. In light of Plaintiff's abandonment, the Court granted Nurse Russell's motion to dismiss Claims 4, 10, 12, and 13 but denied dismissal as to Claim 9. [Doc. 65].

As to Claim 9, the Court concluded that, as Plaintiff had established a viable claim under the Eighth Amendment, Nurse Russell was unable to adequately raise a qualified immunity defense at that time. [*Id*. at 11-12] The Court also noted that "the earliest possible point at which a court should address qualified immunity is usually summary judgment. [*Id*. at 11] (internal quotation omitted). Nurse Russell now seeks summary judgment on the remaining claim against her: Claim 9.

## II. STANDARD OF REVIEW

Nurse Russell's motion is brought pursuant to Federal Rule of Civil Procedure 56, which governs summary judgment. Rule 56(a) provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The procedure set out in Rule 56(c) requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion[.]" Fed. R. Civ. P. 56(c)(1). This can be done by citation to materials in the record, which include depositions, documents, affidavits, stipulations, and electronically stored information. Fed. R. Civ. P. 56(c)(1)(A). Additionally, a party may "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). Moreover, mere conclusory and unsupported allegations, rooted in speculation, are insufficient to meet this burden. *Bell v. Ohio State Univ.*, 351 F.3d 240, 253 (6th Cir. 2003).

To defeat a motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id*. at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id*. at 251-52.

### III. ANALYSIS

**Claim 9 – Failure to Provide Adequate Medical Care**

Nurse Russell raises three issues in her motion for summary judgment: 1) whether the claim against Nurse Russell alleging deliberate indifference regarding Plaintiff's knee injury should be dismissed, 2) whether any claim against Nurse Russell alleging deliberate indifference regarding Plaintiff's alleged panic attack should be dismissed, and 3) whether all claims against Nurse Russell in Claim 9 should be dismissed under the doctrine of qualified immunity. [Doc. 133, p. 7].

1. **Deliberate Indifference Regarding Plaintiff's Knee Injury**

To establish deliberate indifference, Ms. Colson has to muster evidence to create a material factual dispute as to two components, one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Baynes v. Cleland*, 799 F.3d 600, 618 (6th Cir. 2015). The objective component requires evidence showing that Ms. Colson had a serious medical need, which means "one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quotation omitted). The subjective component requires evidence showing that Nurse Russell (1) knew of and (2) disregarded a substantial risk to Ms. Colson's health. *Farmer*, 511 U.S. at 840–47.

Nurse Russell first argues that Plaintiff cannot carry her burden under the objective component. Nurse Russell avers that Plaintiff cannot show that she had a serious medical need that would be "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." [Doc. 133, p. 9]. Plaintiff responds that she has produced evidence "of falling down multiple times because she could not bear weight on her knee and not tolerating even a perfunctory examination of her knee make a threshold showing of deliberate indifference." [Doc. 163, p. 1].

The Court has already found that Plaintiff has identified more than enough evidence establishing genuine issues of material fact in the record as to whether her injury would have been obvious to a layperson. [Doc. 105, p. 31]. The Court also determined that there is "conflicting evidence" regarding Plaintiff's knee injury which require a jury's deliberation to determine the objective component of the deliberate indifference test.[2] [*Id*. at 25-26]. Nothing Nurse Russell has brought before the Court in the motion for summary judgment memorandum [Doc. 133] or reply brief [Doc. 170] changes the Court's analysis and conclusions regarding the objective component to the deliberate indifference test previously set forth. [Doc. 105, pp. 23-31].

Nurse Russell also argues that Plaintiff cannot meet her burden under the subjective component as Plaintiff cannot show that Nurse Russell knew "about the acuity of the knee pop which occurred in the scuffle with Officer Wilson." [Doc. 133, p. 11]. Nurse Russell

---

[2] The Court specifically noted the evidence of Plaintiff's "repetitious complaints about knee pain, her screams, and her intermittent ability to remain standing" is more than enough to establish genuine issues of material fact in the record. [Doc. 105, p. 25].

relies on the proof adduced in the depositions to show that she did not know anything about Plaintiff's knee audibly popping. [*Id.*]. Plaintiff responds that the video evidence contradicts Nurse Russell's assertion that she did not know about the knee pop. [Doc. 163, p. 4]. The video evidence does show Plaintiff speaking to Nurse Russell, pointing to her knee, and stating that she had never heard it pop so much in her life. [Doc. 105, p. 6 (citing Cook VieVu 20:12:02-25)]. Further, Nurse Russell was called into the room *because* Plaintiff complained about her knee and was having trouble standing and walking. [*Id.*]. As there is conflicting evidence regarding whether Nurse Russell knew of Plaintiff's knee injury, the Court cannot grant summary judgment as to the subjective component to the deliberate indifference test.

Nurse Russell further argues that Plaintiff cannot show that any delay in medical treatment was the proximate cause of injury or medical detriment to Plaintiff. However, as the Court has previously noted, in cases where the evidence shows that the injury was obvious, this argument is meritless. [Doc. 105, p. 30, n. 17 (*quoting Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004) ("[T]he 'verifying medical evidence' requirement is relevant only to those claims involving . . . non-obvious complaints of a serious need for medical care."))].

As there are genuine issues of material fact regarding Plaintiff's deliberate indifference claim to Nurse Russell, the Court cannot grant summary judgment as to this claim. A jury has to consider Ms. Colson's claim under the Eighth Amendment.

**2. Deliberate Indifference Regarding Plaintiff's Panic Attack**

Nurse Russell states that "[i]t is unclear whether Plaintiff attempted to plead a claim against Nurse [Russell] for Ms. Colson's alleged panic attack." [Doc. 133, p. 14]. In her response, Plaintiff states that she "makes no claim for failure to provide medical care in [r]elation to her panic attack." [Doc. 163, p. 1, n. 2]. As Plaintiff has clarified that she has not brought a cause of action against Nurse Russell for the panic attack, the Court will **DENY** Nurse Russell's motion for summary judgment on that portion of Claim 9 **as MOOT**.

### 3. Qualified Immunity

As the Sixth Circuit has established, "Plaintiff bears the burden of showing that defendants are not entitled to qualified immunity." *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009). "Plaintiff must show both that, viewing the evidence in the light most favorable to her, a constitutional right was violated and that the right was clearly established at the time of the violation." *Id*. Nurse Russell focuses her argument solely on the first prong and does not argue the second prong of this test. [Doc. 133, p. 17].

Nurse Russell relies on her arguments regarding deliberate indifference addressed above to show that she was not deliberately indifferent to a substantial risk of serious harm to Plaintiff. [*Id*.]. As the Court has already determined above that there are genuine issues of material fact to where a reasonable jury could find that Nurse Russell was deliberately indifferent as to Plaintiff's knee injury, the Court declines to grant summary judgment based on qualified immunity.[3] *See Bass v. Robinson*, 167 F.3d 1041, 1051 (6th Cir. 1999)

---

[3] As Nurse Russell does not argue that the right violated was clearly established, the Court will not address the second prong of the qualified immunity test here. However, the Court notes that it has

("We . . . hold that Defendants are not entitled to qualified immunity on this claim because a question of fact exists[.]" (citation omitted)). Plaintiff has established enough evidence of a plausible claim under the Eighth Amendment for inadequate medical care. *See Grose v. Caruso*, 284 F. App'x 279, 284 (6th Cir. 2008) ("[I]t is well-settled that lack of proper medical treatment can constitute an Eighth Amendment violation." (citations omitted)). Further, the Court has previously determined that the question of whether Nurse Russell's statement, "I don't see no swelling," even amounts to a medical opinion or recommendation is a genuine issue of material fact for a jury. [Doc. 105, p. 28].

As there are genuine issues of material fact, the Court will **DENY** summary judgment on Count 9 as to Nurse Russell.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, Nurse Russell's motion for summary judgment [Doc. 131] will be **DENIED.** An order consistent with this opinion will be entered.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

---

previously determined that a pretrial detainee has a clearly established right to receive *adequate* medical care. [Doc. 202, p. 13].